Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7703 | **DATE** | 7/15/2003 |
| **CASE TITLE** | Cecil James vs. City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ____ .

(3) ☐ Answer brief to motion due____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at ____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for ____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for ____ at _____ .

(7) ☐ Trial[set for/re-set for] on ____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The City Defendants' and the Cook County Defendants' motions to dismiss James' Section 1983 are GRANTED. James' claims against District 4, Cook County DOC, and Cook County Hospital and any remaining state claims are DISMISSED WITH PREJUDICE. James' Section 1985 claim is also DISMISSED sua sponte. Mr. James given fourteen (14) days from receipt of this Memorandum Opinion and Order in which to object to the Court's dismissal of the Section 1985 claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 1 6 2003 | 49 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CECIL JAMES,

    Plaintiff,

v.

CITY OF CHICAGO, et al.,

    Defendants.

Case No. 02 C 7703

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions to dismiss Cecil James' (hereinafter "James") *pro se* complaint. The first is filed by the City of Chicago and the Chicago Police Department District 4 ("District 4" and, collectively with the City of Chicago, "the City Defendants"). The second is filed by the Cook County Sheriff, Cook County Department of Corrections (the "Cook County DOC"), and Cook County Hospital (collectively, "the Cook County Defendants"). Both the City Defendants and the Cook County Defendants move the Court to dismiss James' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). For the following reasons, the Court grants both motions.

### I. BACKGROUND

The following facts are taken from James' complaint. On August 16, 2001, James was stopped by unknown officers from the Chicago Police Department who appeared to believe that he was carrying a gun. James ran from the officers but they caught and

handcuffed him, and then beat him in the knee with their night sticks, threw him on the ground, and stepped on him. The officers eventually searched James and found no weapon. James contends that the officers then took him to Jackson Park Hospital, where he stayed for two weeks before being removed to jail due to outstanding traffic tickets. During the thirty-five days he spent in jail, James believes he suffered a stroke, but was denied medical treatment for either the stroke or his injuries. Finally, James was taken to Cook County Hospital and treated for slurred speech and a stroke. Upon release from jail, James appears to have gone to the University of Illinois Hospital for treatment.

On October 25, 2002, James filed a complaint in this Court against the City of Chicago, the Chicago Police Department, the Cook County Sheriff, Jackson Park Hospital, the Cook County DOC, the University of Illinois Medical Center, Cook County Hospital, and several attorneys who allegedly refused to take his case. It is difficult to determine exactly what claims James is asserting in his complaint, however, James is a *pro se* plaintiff and therefore his complaint must be "liberally construed." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). It appears that James seeks relief under 42 U.S.C. § 1983, alleging claims for excessive force, assault, battery, false arrest, and false imprisonment in violation of his Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights, as well as claims for legal and

medical malpractice. In the briefs filed in this case, James also states that he asserts claims under 42 U.S.C. §§ 1981, 1985. The Court has dismissed the claims against the attorneys, against Jackson Park Hospital, and against the University of Illinois Medical Center.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In ruling on a motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III. DISCUSSION

### A. The City Defendants' Motion to Dismiss

The City Defendants argue that James' complaint should be dismissed because: 1) District 4 is not a suable entity; 2) James failed to allege any facts in his complaint demonstrating that his injuries were caused by City of Chicago policies or customs; and 3) James' state claims are time-barred.

### 1. District 4

The City Defendants first argue that, as a unit of the Chicago Police Department, District 4 is not a suable entity. The Chicago Police Department does not have a separate legal existence from the City of Chicago and is not suable. *Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991). It follows that District 4 is also not suable and therefore the Court dismisses it with prejudice.

### 2. City of Chicago

#### a. § 1983 Claim

The City Defendants contend that James failed to satisfy the minimum requirements of notice pleading for a municipal liability case. A municipality cannot be held liable under § 1983 for the actions of its employees on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Accordingly, in order to establish a § 1983 claim against the City of Chicago, James must establish that the alleged beating occurred pursuant to an official City of Chicago policy, custom, or practice. *Id.* at 694. In order to demonstrate that a municipal policy has violated his civil rights under § 1983, James must allege that "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage

within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." *McCormick*, 230 F.3d at 324.

Defendants argue that James has failed to assert sufficient facts in his complaint to support a § 1983 claim. In addressing this argument, the Court is mindful of the Supreme Court's prohibition on applying "a heightened pleading standard in civil rights cases alleging § 1983 municipal liability." *Id.* at 323 (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 164, 164 (1993)). Indeed, courts must be especially vigilant about not applying a heightened standard in cases where, as here, the plaintiff is acting *pro se*. *Id.* at 325.

Even under the liberal pleading standards for *pro se* plaintiffs, James has failed to meet his burden. While there is some confusion in the Seventh Circuit as to what exactly a plaintiff must plead in a municipal liability suit to survive a motion to dismiss, *see id.* at 324-25 (collecting cases), at the very least, a plaintiff must "allege facts that would give the City notice of his municipal liability claim." *Id.* at 326. This James fails to do. James' complaint does not allege the existence of any express policy or widespread practice employed by the City of Chicago that led to his injuries. Indeed, James does not even allege any wrongdoing by the City of Chicago. James fills both his "Respone [sic] to Defendants City of Chicago and Chicago Police

Department District 4's Motion to Dismiss" ("City Response") and his "Memorandum in Response to Motion to Dismiss" ("Response") with information on alleged policies that led to his injuries. In determining whether to dismiss a complaint for failure to state a claim under Rule 12(b)(6), however, "the district court may not look to materials beyond the pleading itself." *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996). James cannot use his brief in opposition to the motion to dismiss to amend that pleading. *Perkins v. Silverstein*, 939 F.2d 463, 470 n.6 (7th Cir. 1991). The language in his complaint is simply insufficient to put the City of Chicago on notice of his claim against it. As a result, the Court dismisses James' § 1983 claim against the City of Chicago.

### b. State Claims

The City of Chicago Defendants also argue that if James is asserting any state law claims against the City of Chicago, those claims must be dismissed as time-barred under the applicable statute of limitations. It is extremely difficult to determine from James' complaint whether he is indeed bringing any state law claims against the City of Chicago. Regardless, under the applicable statute of limitations, James had to file his state law causes of action for injury against a local governmental entity within a year of the date the cause of action accrued. 745 ILL. COMP. STAT. ANN. § 10/8-101 (West 2003)(amended by Public Act 93-11,

June 4, 2003). The alleged assault by the officers occurred on August 16, 2001, therefore, any state law causes of action against the City of Chicago that arise out of that assault had to be filed by August 16, 2002. James does not argue in either his Response or in his City Response that his cause of action against the City of Chicago accrued at a later date. Because James did not file his complaint until October 25, 2002, in the event that James is bringing any claims under state law, they are time-barred by Illinois statute and must be dismissed with prejudice.

## B. The Cook County Defendants' Motion to Dismiss

The Cook County Defendants also move the Court to dismiss James' complaint pursuant to Rule 12(b)(6). They argue that 1) neither Cook County DOC nor Cook County Hospital are suable entities, 2) James fails to implicate the Cook County Sheriff in either his individual or official capacity, and 3) James has failed to comply with Federal Rule of Civil Procedure 10(b) ("Rule 10(b)").

### 1. *Cook County DOC and Cook County Hospital*

Like the City Defendants, the Cook County Defendants contend that the Cook County DOC and Cook County Hospital are not suable as neither has a separate legal existence from the County of Cook. James argues that these entities should remain as parties to this suit because they conspired to deprive him of his Eighth Amendment rights in violation of § 1985(3). The mere fact that he is making this allegation does not change the fact that neither entity may be

- 7 -

sued. *McLaughlin v. Cook County Dep't of Corr.*, 993 F.Supp. 661, 664 (N.D. Ill. 1998)(Department of Corrections); *Payne v. Cook County Hosp.*, 719 F. Supp. 730, 733-34 (N.D. Ill. 1989)(Cook County Hospital). As a result, the Court dismisses the Cook County DOC and the Cook County Hospital with prejudice.

### 2. *The Cook County Sheriff*

#### a. *§ 1983 Individual Capacity Claim*

In his complaint, James names the "Cook County Sheriff" as a defendant. As the Cook County Defendants note, it is unclear whether James intended to sue the Cook County Sheriff, Michael F. Sheahan, in his individual or official capacities or both. Defendants contend that because James names the Cook County Sheriff's office in his suit, there exists a presumption that Sheahan is being sued only in his official capacity. They further contend that in order for James to state a cause of action against Sheahan in his individual capacity under § 1983, James must allege that Sheahan caused or participated in the alleged constitutional deprivation.

Even if the Court construes James' complaint as asserting a cause of action against Sheahan in his individual capacity, James' claims must be dismissed. In order to hold Sheahan individually liable, James must how that Sheahan either directed the alleged constitutional violations or that they occurred with his knowledge and consent. *Hernandez v. City of Chicago*, No. 99 C 6441, 2001 WL

128246, at *7 (N.D. Ill. Feb. 9, 2001). James does not allege that Sheahan participated in, directed, or even knew about any of the constitutional violations asserted in his complaint. The allegations in his complaint are insufficient to support his claims against Sheahan in his individual capacity. The Cook County Defendants' motion to dismiss the individual capacity claims brought under § 1983 against the Cook County Sheriff is granted.

b. *§ 1983 Official Capacity Claim*

James' claim against the Cook County Sheriff in his official capacity must also fail. Official-capacity suits are in effect claims against the government entity for which the official works and are treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). As discussed previously, a municipality cannot be held liable under § 1983 unless the violation occurred pursuant to an official policy, custom, or practice. *Monell*, 436 U.S. at 694. As a result, to support an official-capacity claim, James must allege facts demonstrating that an official Cook County Sheriff's office policy, custom, or practice played a part in the violation of federal law. For the same reasons that the Court dismisses James' § 1983 claims against the City of Chicago, it dismisses James' official-capacity § 1983 claims against the Cook County Sheriff. James has failed to include even the most fleeting reference to any policy or custom that caused the alleged constitutional violations.

### 3. *Rule 10(b) Compliance*

Defendants' assertion that James has failed to comply with Rule 10(b) is well-taken by the Court. Violation of Rule 10(b), however, does not provide the basis for dismissal of a complaint. *Bledsoe v. City of Chicago,* No. 96 C 2552, 1996 WL 535344, *4 (N.D. Ill. Sept. 19, 1996). Moreover, given that the Court is dismissing James' remaining claims, this issue is moot.

## C. Additional Claims

In the various documents that James has filed in response to the motions to dismiss, he appears to argue that he is asserting claims under 42 U.S.C. §§ 1981, 1985(3). Neither the City Defendants nor the Cook County Defendants moved to dismiss these claims. As mentioned previously, however, it is difficult to ascertain precisely what claims James is bringing from his complaint. Indeed, Defendants had to infer that he was bringing a claim under § 1983.

Section 1981 prohibits discrimination in the "making and enforcement of private contracts." *Majeske v. Fraternal Order of Police, Local Lodge No. 7,* 94 F.3d 307, 312 (7th Cir. 1996); see also 42 U.S.C. § 1981. In order to assert a claim under § 1981, a plaintiff must prove that (1) he or she is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute,

that is, the making and enforcing of a contract. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). There is absolutely no hint in James' complaint that he is bringing a § 1981 claim. He does not mention his race or any contract that could serve as the basis for a § 1981 claim. As mentioned previously, James cannot amend his pleading through his briefs in opposition to the motion to dismiss. *Perkins*, 939 F.2d at 470 n.6. The Court finds that James has failed to assert a § 1981 claim in his complaint.

James does, however, suggest that he is asserting a § 1985(3) claim in his complaint. In paragraph 25, James alleges the following: "the defendant's arranged and intend to cover up a excessive force, false arrest false imprisonment, and assault and Battery, Legal Malpractice Medical malpractice by the defendant's." Like § 1981 claim, § 1985(3) claims require some allegation of racial or class-based discrimination. *Hernandez*, 2001 WL 128246, at *9. Nowhere in James' complaint does he make any allegations that the defendants' actions were at all motivated by his race or by any class-based discrimination.

The Court may *sua sponte* dismiss James' § 1985 claim for failure to state a claim under Rule 12(b)(6). *Sampson v. Boharic*, 12 F.3d 1101, 1993 WL 484063, at *1 (7th Cir. Nov. 23, 1993). The Court may only take such action if it appears beyond doubt that James is unable to prove any set of facts that would entitle him to relief. *Apostol v. Landau*, 957 F.2d 339, 343 (7th Cir. 1992).

After a thorough and careful review of James' complaint, the Court finds that James has failed to allege sufficient facts to state a claim under § 1985. The Court, however, must give James an opportunity to object to its intent to dismiss this claim. *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 836 (7th Cir. 1996)(per curiam). Accordingly, the Court gives James fourteen (14) days from receipt of this Memorandum Opinion and Order in which to object to the Court's *sua sponte* dismissal of his § 1985 claim.

## CONCLUSION

For the foregoing reasons, the City Defendants' and the Cook County Defendants' motions to dismiss James' § 1983 claims are **GRANTED**. James' claims against District 4, Cook County DOC, and Cook County Hospital and any remaining state claims are **DISMISSED WITH PREJUDICE**. James' § 1985 claim is also **DISMISSED** *sua sponte*. Mr. James has fourteen (14) days from receipt of this Memorandum Opinion and Order in which to object to the Court's dismissal of the § 1985 claim.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: July 15, 2003